UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KELLY L. BRUECK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-CV-227 JD |
| | ) |
| JOHN MANEELY COMPANY, INC., *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case arises out of the Defendant's retraction of its job offer to the Plaintiff, Kelly L. Brueck, after she resigned her former employment to accept the position. Mr. Brueck initiated this case on July 2, 2014 by filing suit against her would-be employer, John Maneely Company, Inc., asserting claims of breach of contract, promissory estoppel, unjust enrichment, and fraud. This Court's jurisdiction was based on the diversity of the parties, as the Complaint alleged that Ms. Brueck is a citizen of Indiana, and that John Maneely Company is a citizen of Pennsylvania and of Illinois. John Maneely Company moved to dismiss for failure to state a claim, and Ms. Brueck responded by amending her complaint, thus mooting the motion to dismiss. In the Amended Complaint, Ms. Brueck added three additional defendants: Glen Belk, Erin Campbell, and Kirstin Nielsen, each allegedly employees of John Maneely Company. The Defendants responded by once against moving to dismiss the Amended Complaint, and that motion was fully briefed. However, the Amended Complaint did not allege the citizenship of those three individuals, so the Court dismissed it with leave to amend, for lack of subject matter jurisdiction.

Ms. Brueck has now moved the Court to reconsider its dismissal of her Amended Complaint. She argues that she only sued the individuals "in their official capacities," so their

citizenship is determined by the citizenship of their employer, and that Indiana law does not permit liability to attach to the employees for her claims. The parties then jointly moved the Court to reinstate the Amended Complaint, and requested that the Court rule on the merits of the motion to dismiss. The Defendants also requested that the Court dismiss the three individual defendants. Though she expressly acknowledges that the individual defendants cannot be liable under her claims, the Plaintiff opposes that request.

Despite the parties' apparent agreement that the Amended Complaint properly invokes this Court's jurisdiction, the Court remains unpersuaded. The parties argue that the individuals' own citizenship is immaterial because they are sued "in their official capacities" (as indicated by the caption but not the body of the complaint). However, the individual defendants are "employees of private companies, not a state or local government, so the defendants ha[ve] no official capacities in which they could be sued." *Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007); *see Tran v. Mich. Dep't of Human Servs.*, No. 07-cv-13232, 2007 WL 4326791, at *4 (E.D. Mich. Dec. 10, 2007) ("Plaintiffs named [the individual defendant] in his 'official capacity of [the employer defendant].' However, because Plaintiff alleges that [the employer] is a private, non-profit entity, [Plaintiff] is not a state or local government employee. He therefore has no 'official capacity' in which to be sued. . . . Therefore, Plaintiff's official capacity designation of Defendants has no bearing on this analysis."). The parties also note that under Indiana law, the individual defendants, as the agents of their employer, cannot be held individually liable for these claims. But that only means that Ms. Brueck has failed to state a claim against them, not that this Court can assert jurisdiction over non-diverse parties.

Nonetheless, the Court can cure any jurisdictional defect by dropping the individual defendants from this action. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 573

(2004) (noting that courts "have the authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party"). Under Rule 21 of the Federal Rules of Civil Procedure, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Dropping the individual defendants as parties to this matter is justified, as Ms. Brueck has conceded that no liability can attach to those defendants for her claims anyway. Further, even if official capacity claims against these individual defendants were proper, such claims are subject to dismissal as redundant once the employer appears in an action, and John Maneely Company appeared in this action before Ms. Brueck added the individuals as defendants. *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n.1 (7th Cir. 1993) ("The district court properly dismissed Mayor Daley, sued in his official capacity, as a party to this action. A lawsuit against Mayor Daley in his official capacity is the same as a lawsuit against the City of Chicago."); *Magee v. Hous. Auth.*, No. 3:09-cv-337, 2010 WL 3000660, at *4 (N.D. Ind. July 28, 2010); *Stevens v. Hous. Auth.*, 720 F. Supp. 2d 1013, 1022 (N.D. Ind. 2010). Therefore, the Court reinstates the Amended Complaint, but drops Glen Belk, Erin Campbell, and Kirstin Nielsen as parties in this matter, so the claims against them are dismissed without prejudice.

Since the parties had fully briefed a motion to dismiss as to the Amended Complaint, the Court also reinstates the motion to dismiss. Pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1, a District Court Judge may refer a dispositive matter to a Magistrate Judge for a Report and Recommendation. Accordingly, the Court now refers the reinstated motion to dismiss [DE 122] to Magistrate Judge John E. Martin for preparation of a Report and Recommendation. The Court's review of the Magistrate Judge's Report and Recommendation will be governed by 28 U.S.C. § 636(b)(1)(C).

In conclusion, Plaintiff's motion to reconsider [DE 27] is DENIED, and the parties' motion to reinstate [DE 29] is GRANTED in part. The Court REINSTATES the Amended Complaint [DE 17], but DROPS Glen Belk, Erin Campbell, and Kirstin Nielsen as parties to this matter. The claims against those defendants are DISMISSED WITHOUT PREJUDICE. The Court also REINSTATES the motion to dismiss the amended complaint [DE 21], and REFERS that motion to the Magistrate Judge for preparation of a Report and Recommendation.

SO ORDERED.

ENTERED: November 10, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court