UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KELLY L. BRUECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-CV-227 JD |
| | ) | |
| JOHN MANEELY COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This action arises out of the defendant's retraction of a job offer to the plaintiff. Plaintiff Kelly L. Brueck had already accepted an offer of employment with Defendant JMC Steel Group, Inc. and quit her existing job when JMC Steel retracted its offer, citing a background check that revealed falsehoods in Ms. Brueck's job application. Ms. Brueck admits in her complaint that her application falsely listed her educational credentials, but she nonetheless filed this suit alleging wrongdoing by JMC Steel, asserting claims for breach of contract, promissory estoppel, unjust enrichment, fraud, and wrongful discharge. JMC Steel moved to dismiss the complaint in its entirety. Pursuant to a referral, Magistrate Judge John E. Martin issued a Report and Recommendation in which he recommended granting the motion to dismiss except as to the promissory estoppel claim. Ms. Brueck filed a narrow objection, arguing only that the unjust enrichment claim should not be dismissed. JMC Steel also objected, arguing that the promissory estoppel claim should be dismissed as well. For the following reasons, the Court overrules both objections and adopts the magistrate's recommendations in their entirety.

## I. FACTUAL BACKGROUND

Ms. Brueck submitted a resume and job application to JMC Steel in September 2013 for the position of Buyer. Ms. Brueck's complaint alleges that in her job application, she stated that

she had received her Bachelor's Degree from Sawyer School of Business (now known as Kaplan), though she also alleges that she notified JMC Steel that she received her Bachelor's Degree from Hyles-Anderson College. On September 19, 2013, Ms. Brueck interviewed for the position and was given a verbal offer. Later that day, JMC Steel sent Ms. Brueck a written offer letter. The offer letter confirmed that the offer was for at-will employment that could be terminated at any time by either party. It also stated, "This offer is contingent upon the successful completion of a background check . . . ." [DE 17-1 p. 2]. Ms. Brueck accepted the offer by signing and returning the offer letter the next day, on September 20, 2013. She also notified her existing employer (a competitor of JMC Steel) on September 24, 2013 that she had accepted a new job and that she was resigning her position.

Ms. Brueck admits in her complaint, however, that the background check revealed that she had not received her degree from Sawyer School of Business, as she had stated in her application. JMC Steel notified her of the discrepancy, so she submitted documentation showing that she had received her Bachelor's Degree from Hyles-Anderson College and that she had received a Certificate from Sawyer School of Business. Though the complaint is ambiguous as to the precise timeline, during this same period, Glen Belk, who would have been Ms. Brueck's supervisor in her new position, sent several emails and correspondences to Ms. Brueck encouraging her to quit her current job and welcoming her to JMC Steel as a new employee. Ms. Brueck was also given a start date of Monday, October 14, 2013, for her new job. However, on October 11, 2013, JMC Steel informed Ms. Brueck that she was not to report to work, and it subsequently informed her that it was no longer considering her for the position due to the background check.

## II. STANDARD OF REVIEW

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id.* Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Rule 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court must decide whether the complaint satisfies the "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide "fair notice" of the claim and its basis. *Id*. (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In applying this standard, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). However, where there are well-pleaded

factual allegations, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley v. City of Chi*., 671 F.3d 611, 615 (7th Cir. 2011) (citing *Iqbal* and *Twombly*). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (citations omitted). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp.*, 665 F.3d at 935 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough fact to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Iqbal*, 556 U.S. at 679 (citation omitted).

## III. DISCUSSION

Defendant JMC Steel moved to dismiss each count of Ms. Brueck's amended complaint. As to Counts I, IV, and V, which asserted claims for breach of contract, fraud, and wrongful discharge, the magistrate recommended that those counts be dismissed, and neither party has objected. Reviewing that recommendation under a clear error standard, the Court finds no clear error, and thus adopts the magistrate's recommendation and dismisses those counts. As to Count II, which asserted a claim for promissory estoppel, the magistrate recommended that the motion be denied, and JMC Steel has filed an objection to that recommendation. Finally, the magistrate recommended that Count III, which asserted a claim for unjust enrichment, be dismissed, and

Ms. Brueck objected to that recommendation. Thus, the Court addresses the parties' objections to Counts II and III in turn, analyzing the objected-to portions of the magistrate's recommendations on those counts under a de novo standard of review.

**A. Count II, Promissory Estoppel**

Count II of Ms. Brueck's amended complaint asserts a claim for promissory estoppel. In short, Ms. Brueck alleges that JMC Steel offered her a job and that she quit her existing job in reliance on JMC Steel's promise of employment. She further alleges that JMC Steel broke that promise when it retracted its offer, and that fairness thus requires that JMC Steel be held accountable for the damages she sustained in reliance on that promise. The magistrate found that Ms. Brueck's allegations adequately stated a claim for promissory estoppel. JMC Steel objected, asking that this claim be dismissed, and Ms. Brueck did not respond to that objection.

Indiana recognizes a "limited application of the doctrine of promissory estoppel in claims for damages resulting from a plaintiff's detrimental reliance on a defendant's promise of employment." *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 121 (Ind. 1994). A claim of promissory estoppel requires the following elements: (1) a promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise. *Brown v. Branch*, 758 N.E.2d 48, 52 (Ind. 2001). In the context of a retracted offer for at-will employment, a plaintiff who establishes those elements can recover any reliance damages sustained as a result of the promise, but they cannot recover any wages they might have earned through that employment. *Jarboe*, 644 N.E.2d 118, 121–22 (Ind. 1994); *Pepsi-Cola Gen. Bottlers, Inc. v. Woods*, 440 N.E.2d 696, 699 (Ind. Ct. App. 1982).

For example, in *Pepsi-Cola*, the plaintiff, Woods, interviewed for a job with Pepsi. 440 N.E.2d at 696–97. She disclosed during the interview that her boyfriend worked for Coca Cola, but the interviewer said she did not believe that would disqualify her from the position. *Id.* Pepsi then offered Woods the job, gave her a start date, and advised her to quit her existing job, which she did. *Id.* However, before Woods began the new job, Pepsi rescinded its offer due to Woods' boyfriend's employment with Coca-Cola. *Id.* In analyzing Woods' claim, the Indiana Court of Appeals expressed "no difficulty in finding that Woods has a right of action under promissory estoppel; clearly Woods quit her former employment in reliance upon a promise of employment with Pepsi." *Id.* at 699. However, since the offer was only for at-will employment, the court held that Woods was only entitled to recover any expenses she incurred in reliance on Pepsi's promise of employment, such as moving or job-hunting expenses. *Id.* Since the plaintiff failed to offer evidence of any such expenses, the court upheld the judgment against her. *Id.*

Here, in arguing that Ms. Brueck's promissory estoppel claim should be dismissed, JMC Steel primarily argues that its offer of employment contained a contingency that Ms. Brueck did not satisfy. In particular, it points to the offer letter Ms. Brueck attached to her complaint, which expressly stated: "This offer is contingent upon the successful completion of a background check . . . ." [DE 17-1 p. 2]. JMC Steel further notes that Ms. Brueck's complaint admits that she had not actually received her bachelor's degree from the school she listed on her job application, and that the background check revealed that discrepancy. Thus, JMC Steel argues that it delivered on exactly what it had promised—a job offer subject to a background check—even when it retracted its offer, and that there is no injustice for a promissory estoppel claim to remedy.

That contingency and the falsehood on Ms. Brueck's job application are undoubtedly problematic, and Ms. Brueck has very nearly pled herself out of court. However, the offer letter is not the only promise Ms. Brueck alleges she relied on. Her complaint also alleges that Glen Belk, who would have been her supervisor at JMC Steel, "sent several emails and correspondences to Plaintiff encouraging Plaintiff to quit her current job" and "welcoming Plaintiff to JMC as a new employee," and that she was given a start date for her new job. [DE 17 ¶¶ 37, 45, 46]. Depending on the content and context of those communications, encouraging someone to quit their job, welcoming them as a new employee, and giving them a start date could imply that any contingency to the job offer had either been satisfied or waived, and could be interpreted as a definite promise of employment. *See Pepsi-Cola*, 440 N.E.2d at 696–97, 699 (finding with "no difficulty" that the plaintiff made out a promissory estoppel claim where the defendant offered the plaintiff a job, gave the plaintiff a start date, and advised her to quit her existing job); *see also First Nat'l Bank of Logansport v. Logan Mfg. Co., Inc.*, 577 N.E.2d 949 (Ind. 1991) (holding that "unfilled pre-existing conditions" that would have precluded a breach of contract did not preclude a promissory estoppel claim premised on other representations and actions by the defendant).

Those additional communications distinguish this case from *Dorsey v. Shire Regenerative Medicine, Inc.*, No. 1:13-cv-1583, 2014 WL 1725823, at *2–3 (S.D. Ind. Apr. 30, 2014), on which JMC Steel relies, since the sole promise at issue there contained an unequivocal contingency that had not been met. Thus, even though the initial job offer here contained a contingency, the Court concurs with the magistrate that, at least for the pleading stage, Ms. Brueck has adequately pled a promise by the defendant on which she could have relied. *See Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."). And for those same reasons, Ms. Brueck has plausibly (though barely) suggested that justice may require enforcement of the promise.

JMC Steel also argues that Ms. Brueck failed to meet the fourth element of a promissory estoppel claim because the promise was not "of a definite and substantial nature." Initially, it is not clear whether it is the defendant's promise (element one) or the plaintiff's reliance (element three, the immediately preceding element) that must be "of a definite and substantial nature," so as to satisfy this element. Though it is not uncommon for courts to analyze this element in relation to the defendant's promise, *e.g.*, *Vorgias v. Mem'l Health Sys., Inc.*, No. 2:12-cv-218, 2012 WL 5947773, at *10 (N.D. Ind. Nov. 27, 2012); *Spring Hill Developers, Inc. v. Arthur*, 879 N.E.2d 1095, 1100 (Ind. Ct. App. 2008), the Indiana Supreme Court has analyzed this element in relation to the plaintiff's reliance, *Logan Mfg. Co.*, 577 N.E.2d at 955 (finding that the third and fourth elements were satisfied because the plaintiffs' "actions in reasonable reliance on [the defendant's] promises were of a definite and substantial character . . . ."); *see also Eby v. York-Div., Borg-Warner*, 455 N.E.2d 623, 627 (Ind. Ct. App. 1983) (framing one of the elements of the plaintiff's promissory estoppel claim as whether his move to Florida in reliance on the defendant's job offer was a "substantial change"). Regardless, Ms. Brueck's complaint would satisfy this element. As just discussed, the allegations plausibly suggest that JMC Steel made a definite offer of employment, notwithstanding the contingency, and even an offer of at-will employment can be substantial. *Eby*, 455 N.E.2d at 627 (finding that an offer of at-will employment gave rise to a promissory estoppel claim); *Pepsi-Cola*, 440 N.E.2d at 699 (same). As to Ms. Brueck's reliance, quitting her job could constitute reliance of a definite and substantial nature. *Pepsi-Cola*, 440 N.E.2d at 699 (finding that the plaintiff had a right of action

under promissory estoppel where she quit her former employment in reliance on a promise of employment with the defendant).

Finally, JMC Steel argues that this claim should be dismissed because Ms. Brueck has not pled any recoverable damages. As noted above, Indiana law only permits a plaintiff to recover reliance damages, not expectation damages, through a promissory estoppel claim. *Jarboe*, 644 N.E.2d at 122. Where a promissory estoppel claim is based on the revocation of a job offer, reliance damages can include "moving expenses and forgone wages," but not prospective wages that might have been earned at the new job. *D&G Stout, Inc. v. Bacardi Imports, Inc.*, 923 F.3d 566, 568 (7th Cir. 1991) ("In Indiana, as in many states, an aspiring employee cannot sue for lost wages on an unfulfilled promise of at-will employment."); *Jarboe*, 644 N.E.2d at 122 (adopting *Bacardi's* analysis). Therefore, as JMC Steel argues, Ms. Brueck will not be able to recover any wages she might have earned from JMC Steel had she started the new job. However, she could still recover any expenses she incurred or any forgone wages, and Ms. Brueck alleged that she quit her existing job to accept the new position in reliance on JMC Steel's offer, so it is plausible that she sustained at least some recoverable damages.

JMC Steel last argues on that point that even if this claim survives, the damages would be so limited that they may no longer meet the amount-in-controversy threshold for diversity jurisdiction under 28 U.S.C. § 1332. However, the amount in controversy is determined as of the time the complaint is filed. *Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997) ("It is well established that the requirements for diversity jurisdiction must be satisfied only at the time a suit is filed."). Later decisions on the merits that reduce the potential for recovery, such as the dismissal of certain claims, do not affect a court's subject matter jurisdiction to proceed with the case. *Id.* ("[I]f the amount in controversy exceeds the

jurisdictional amount when a suit is filed in federal court, the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction."); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). Otherwise, a federal court would never have jurisdiction in a diversity case to enter judgment in a defendant's favor or to enter judgment for a plaintiff in an amount of less than $75,000. Thus, the dismissal of other counts and the limited nature of damages Ms. Brueck may be able to recover under this count have no effect on this Court's subject matter jurisdiction over this action. Therefore, the Court finds that Ms. Brueck has adequately pled a claim for promissory estoppel, adopts the magistrate's recommendation in that respect, and denies the motion to dismiss as to this claim.

**B. Count III, Unjust Enrichment**

In Count III, Ms. Brueck asserts a claim for unjust enrichment. She argues that in her previous job, she competed directly against JMC Steel, and that by inducing her to quit that job, JMC Steel benefitted through the reduction in competition against it (apparently based on the assumption that Ms. Brueck performed her previous job better than anyone that could have replaced her). Since JMC Steel retracted its job offer before Ms. Brueck began her new employment, Ms. Brueck alleges that she has not been compensated for conferring that benefit on JMC Steel, so she asserts a claim for unjust enrichment. The magistrate found that Ms. Brueck failed to adequately plead this claim, and recommended that this claim be dismissed. Ms. Brueck objected to that recommendation, and JMC Steel filed a response in support of the magistrate's recommendation.

Indiana law establishes three elements for an unjust enrichment claim: "(1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the

other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment." *Woodruff v. Ind. Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012). "Put another way, 'a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust. One who labors without an expectation of payment cannot recover in quasi-contract.'" *Id.* (quoting *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991)). The magistrate expressed skepticism that Ms. Brueck actually conferred any measurable benefit on JMC Steel merely by quitting her old job, but he grounded his recommendation in the third element, finding that Ms. Brueck did not plead that she expected payment for quitting her job.

The Court agrees with the magistrate that Ms. Brueck failed to plead that she expected payment for conferring the benefit in question, and that her unjust enrichment claim therefore fails. In particular, there is a disconnect between the acts by which Ms. Brueck alleges she conferred benefit on JMC Steel and the acts for which Ms. Brueck expected payment. Ms. Brueck alleges that JMC Steel received a benefit because she quit her prior employment, but Ms. Brueck does not allege that JMC Steel ever offered to pay her for quitting her old job, only that it offered her compensation for performing her new job, which she never did. In her objection, Ms. Brueck does not take issue with that analysis, and she argues only that she need not establish an expectation of compensation because she was coerced into quitting her job. Her complaint fails to support that argument, though, since while she alleges that JMC Steel encouraged her to quit her job, none of the facts in the complaint suggest any coercion by JMC Steel to get her to do so. Ms. Brueck's real grievance is that by retracting the job offer, JMC Steel denied her the opportunity to perform the acts for which she would have been compensated. To the extent JMC Steel's retraction of the job offer was wrongful, Ms. Brueck can address that through her

promissory estoppel claim. However, since she did not perform work for JMC Steel and did not expect compensation for quitting her previous job, an unjust enrichment claim cannot provide her with any relief. Therefore, the Court adopts the magistrate's recommendation and dismisses this count.

## IV. CONCLUSION

The Court OVERRULES both parties' objections [DE 35, 36] to the magistrate judge's Report and Recommendation, and ADOPTS the Report and Recommendation [DE 34] in its entirety. Accordingly, JMC Steel's motion to dismiss [DE 21] is GRANTED in part and DENIED in part. Counts I, III, IV, and V are DISMISSED, while Count II remains pending.

SO ORDERED.

ENTERED: September 18, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court